WILLIAM H. HILLS, RESPONDENT, *v.* THE PEEKSKILL SAVINGS BANK, APPELLANT, AND ANOTHER.

*Practice — writ of* distringas *— power of the court to compel a corporation to answer for a contempt.*

Where a corporation has failed and refused to comply with the terms of a judgment recovered against it, the Supreme Court, at Special Term, has power to make an order directing a writ of *distringas* to issue, compelling the corporation to appear and answer as to the contempt alleged to have been committed by it.

APPEAL from an order made at a Special Term authorizing a writ of *distringas* to issue, to compel the defendant corporation to appear and answer for a contempt alleged to have been committed by it.

On the 11th day of September, 1882, the plaintiff obtained a judgment, by the fourth paragraph of which the defendant was required, within thirty days after service upon it of a copy of the judgment, to deliver to the clerk of the county of Wyoming certain bonds and coupons purporting to be issued by the town of Attica to be canceled, and directing that the same shall be canceled in the manner specified. On the 29th day of September, 1882, a copy of the judgment was duly served upon the defendant, the Peekskill Bank. The bonds and coupons not having been delivered in accordance therewith, on the 14th day of November, 1882, the clerk appointed an attorney in fact to demand of and receive from

the defendant the bank the bonds and coupons, in pursuance of the judgment, and on the 16th day of December, 1882, such attorney, in pursuance of that power, demanded of the bank the surrender of the bonds and coupons as provided in the judgment, with which demand the defendant declined to comply. Upon these facts the Special Term, on the 28th of January, 1883, made an order that a writ of *distringas* should issue in the usual form for not obeying the judgment, unless the defendant bank, within sixty days after service of a copy of the order, procure an order of this court upon the usual notice, staying the plaintiff's proceedings pending the appeal which had been taken by it in the action. In opposition to the motion it was urged by the counsel for the defendant that the judgment was wrong; that the bank had parted with the bonds pending the action, and that it had appealed from the judgment.

*L. B. Hayes* and *I. S. Johnson,* for the appellant.

*W. F. Cogswell,* for the respondent.

HARDIN, J. :

Whether the defendant has been guilty of the alleged contempt need not be conclusively determined when an application is made for a writ of *distringas.* When a decree or judgment is pronounced against a corporation, which it refuses to obey, the party who avers that the corporation is in contempt may have the writ of *distringas* to bring it before the court, and after that, if no satisfactory answer is given to the alleged contempt, the court may order a sequestration, to enforce the performance of the decree or order of the court. (1 Barb. Ch. Pr., 443.)

Section 14 of the Code of Civil Procedure defines what contempts may be punished civilly, and enumerates cases in which the remedy applies. In the eighth subdivision thereof it is declared that such power exists " in any other case where an attachment or any other proceeding to punish for a contempt has been usually adopted and practiced in a court of record to enforce a civil remedy of a party to an action   *   *   *   or to protect the right of a party."

When the contumacious party is brought before the court, the practice in certain cases is prescribed by title 3 of chapter 17 of the Code of Civil Procedure. We are of opinion that the Special Term

did not exceed its power and discretion in regard to the application before it.

Order affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BARKER, J., concurred.

So ordered.